## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CONNOR WOLF, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:14-cv-00589-GMN-GWF |
| vs. ) | |
| ) | **ORDER** |
| STATE FARM MUTUAL AUTOMOBILE ) | |
| INSURANCE COMPANY, an entity licensed ) | |
| to do business in the State of Nevada; DOES 1- ) | |
| 10; ABC CORPORATIONS 11-20; XYZ ) | |
| LIMITED LIABILITY COMPANIES 21-30, ) | |
| inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion to Remand (ECF No. 6) filed by Plaintiff Connor Wolf ("Plaintiff"), to which Defendant State Farm Mutual Automobile Insurance Company ("Defendant") filed a Response (ECF No. 9). For the reasons discussed below, the Motion to Remand is **GRANTED**.

## I.     BACKGROUND

Plaintiff originally filed his Complaint in state court, alleging that Defendant failed to honor his uninsured/underinsured motorist ("UIM") policy. (Compl., ECF No. 1-1). Subsequently, Defendant removed the action to this Court, asserting that this Court has original jurisdiction under 28 U.S.C. § 1332. (Pet. for Removal 2:4-5, ECF No. 1). Specifically, Defendant asserts that Plaintiff is domiciled in Nevada and that Defendant is domiciled in Illinois. (*Id.* at 2:11–12). Defendant further states that "the contractual limits of the policies, as well as the claimed punitive and tort damages are sufficient to exceed the jurisdictional limit." (*Id.* at 2:16–18).

On April 28, 2014, Plaintiff filed a Motion to Remand to State Court. (Mot. to Remand, ECF No. 6). Plaintiff asserts that Defendant "cannot prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 and therefore the requirements for diversity jurisdiction are not met and this case should be remanded to Nevada District Court." (*Id.* at 4:17–19). Furthermore, Plaintiff asserts that "[m]edical damages in this matter amount to $22,811.22" and "tak[ing] into consideration the offset of $15,000.00 already received by the third-party carrier in previous settlement negotiations…, it becomes clear that the remaining, quantifiable damages is a mere $7,811.22." (*Id.* at 4:24–25, 5:5–8).

## II. LEGAL STANDARD

Federal Courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

A defendant may remove an action to federal court only if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "Removal statutes are to be 'strictly construed' against removal jurisdiction." *Nevada v. Bank of America Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)). The party asserting federal jurisdiction bears the burden of overcoming the presumption against federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, federal courts must reject federal jurisdiction "[i]f there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) (noting that "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold").

Page 2 of 6

District courts have subject matter jurisdiction in two instances.  First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331.  Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

## III. DISCUSSION

In this case, Defendant based its removal of this action solely on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  However, Defendant has failed to carry its burden of establishing that this Court has subject matter jurisdiction over this case.  Although neither party disputes that the complete diversity requirement is satisfied, Defendant has failed to show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

### a. Medical Costs

Defendant claims that Plaintiff is seeking at least $22,811.22 in past and future medical costs.  In support of this assertion, Defendant refers to a letter, sent by Plaintiff's counsel on July 30, 2012, stating that Plaintiff had incurred $22,811.22 in treatment expenses from eight medical providers. (Ex. B to Def.'s Resp., ECF No. 9–2).  Additionally, Defendant asserts that "it is very likely [Plaintiff's] future medical treatments will total tens of thousands of dollars. (Def.'s Resp. 7:6–7).  Plaintiff does not dispute the authenticity of the letter sent by his counsel or the validity of its contents; therefore the Court finds that Defendant has provided sufficient evidence to show that Plaintiff is seeking at least $22,811.22 for his medical costs.  However, Defendant's unsupported observation that Plaintiff's future medical treatments *might* total tens of thousands of dollars fails to adequately demonstrate that Plaintiff will seek tens of thousands of dollars for future medical treatment.

### b. Lost Wages and Loss of Earning Capacity

Defendant asserts that, because Plaintiff claims to have taken off work for an

indeterminate amount of time, "it is reasonable to assume these damages will be thousands of dollars." (Def.'s Resp. 6:20–22). Likewise, Defendant asserts that "[b]ased on the apparent permanent nature of Plaintiff's alleged injuries, it is similarly probable he will make a claim for loss earning capacity, which damages could realistically total tens of thousands of dollars." (*Id.* 6:23–7:1). While Defendant is correct that such an assumption would not be unreasonable, this assertion disregards the legal standard relevant to the instant Motion. Defendant bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold, not merely that it would be reasonable for Plaintiff to seek such an amount. *See Matheson*, 319 F.3d at 1090. Accordingly, the Court finds that Defendant's unsupported observation fails to adequately demonstrate that Plaintiff will seek thousands of dollars for lost wages and loss of earning capacity.

    **c. Emotional Distress**

Similarly, without citing to the Complaint or any evidence, Defendant states, "[Plaintiff] could very likely seek three times the amount of his medical specials, or $68,433.22, as compensation" in order to "compensate him for the social and emotional impact the accident had on his life." (Def.'s Resp. 7:17–19). While it is conceivable that Plaintiff could seek such an amount based on emotional distress, Defendant has failed to point to any particular facts or allegations showing that Plaintiff is likely to seek such a large sum. Thus, Defendant has failed to carry its burden, and the Court will not consider this amount within its calculation.

    **d. Attorneys' Fees**

Defendant requests that the Court consider Plaintiff's request for attorneys' fees as part of the amount in controversy. However, Defendant has not set forth any basis under which an award of attorneys' fees may be warranted in this case, nor has it provided any evidence as to the amount of attorneys' fees Plaintiff might reasonably incur. In order for a court to include a potential award of attorneys' fees within an amount in controversy calculation, the removing

party must (1) identify an applicable statute which could authorize an award of attorneys' fees and (2) provide an estimate as to the time the case will require and opposing counsel's hourly billing rate. *See, e.g.*, *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) (holding a defendant's statement that the opposing counsel's fees "may well, in and of themselves, exceed the jurisdictional minimum" did not suffice to create subject matter jurisdiction); *Wilson v. Union Sec. Life Ins. Co.*, 250 F. Supp. 2d 1260, 1264 (D. Idaho 2003) (stating a defendant "must do more than merely point to [a plaintiff's] request for attorney's fees; upon removal it must demonstrate the probable amount of attorney's fees"). Therefore, Defendant has not satisfied its burden to show that an award of attorneys' fees might be authorized in this action, and the Court cannot consider such an award as part of the amount in controversy.

### e. Punitive Damages

Defendant asserts that "Plaintiff may seek well over $75,000.00 in punitive damages against State Farm." Defendant cites a case from this district, holding that punitive damages in a ratio of 9:1 are appropriate. *See Merrick v. Paul Revere Life Ins. Co.*, 594 F. Supp. 2d 1168, 1192 (D. Nev. 2008). While Defendant is correct that the Court can, in some instances, consider a potential award of punitive damages within the amount in controversy, "it is not enough to tell the Court that Plaintiffs seek punitive damages, Defendant must come forward with evidence showing the likely award if Plaintiffs were to succeed in obtaining punitive damages." *Wilson*, 250 F. Supp. 2d at 1264; *see also, e.g.*, *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004). Furthermore, the Court cannot consider awards issued in other actions unless Defendant points to specific commonalities which raise an inference that a similar award is possible in the instant case. *See, e.g.*, *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998). Defendant's assertion that one case has held that punitive damages in a ratio of 9:1 are appropriate is insufficient to demonstrate that

the amount in controversy exceeds $75,000. Defendant makes no attempt to illuminate factual similarities which raise an inference that a jury might award a similar amount of punitive damages in this case.

### f. Policy Limit Demand

Finally, Defendant asserts that Plaintiff demanded $100,000.00 from Defendant to settle his claim. Defendant argues that "Plaintiff presumably would not have demanded $100,000.00 from State Farm to settle []his claims unless he believed, in good faith, his claims were worth $100,000.00." (Def.'s Resp. 8:22–9:2). "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). However, as discussed above, Defendant has not demonstrated that Plaintiff's policy limit demand of $100,000 reflected a reasonable estimate of Plaintiff's claim.

For these reasons, Defendant has failed to carry its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, and the case must be remanded to state court.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that that the Motion to Remand is **GRANTED** and this case is hereby remanded to the Eighth Judicial District Court. The Clerk of the Court shall remand this case back to state court and thereafter close this Court's case.

**DATED** this 4th day of December, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge